NOT RECOMMENDATION FOR PUBLICATION
OR CITATION AS AUTHORITY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| MARVIN LADAUN SCOTT, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 6: 05-334-DCR |
| ) | |
| V. ) | |
| ) | |
| CHARLES SAMUELS, JR., Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*    \*\*    \*\*    \*\*    \*\*

Marvin Ladaun Scott, an individual currently incarcerated in the Federal Correctional Institution, in Manchester, Kentucky, has paid the district court filing fee and filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. This matter is before the Court for initial screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

CLAIMS AND ALLEGATIONS

The Petitioner challenges his conviction and sentence on several grounds in a commonly-used petition form [Record No. 1], a later-filed amendment [Record No. 3], and a subsequent memorandum [Record No. 5]. The following is a summary or construction of the allegations contained in these materials.

The Petitioner states that, after a jury trial in the United States District Court for the Northern District of West Virginia, he was convicted of two drug offenses. On December 20, 1996, he was sentenced to 360 months' imprisonment. He appealed on three grounds: (1) a purported *Batson* violation; (2) the trial court's denial of a suppression motion; and (3) the amount of drugs attributable to him. The United States Court of Appeals for the Fourth Circuit affirmed his conviction and sentence. The Petitioner also filed a motion to alter or amend the judgment, pursuant to 28 U.S.C. §2255, urging several additional claims, including: ineffective assistance of counsel, the insufficiency of the evidence, a fatal variance, and the denial of an evidentiary hearing on the amount of cocaine base attributed to him. That motion was denied on May 9, 2000.

In the pleadings in the case *sub judice*, the Petitioner asserts that his Fifth Amendment due process rights were violated because the indictment failed to allege a sufficient "nexus" to interstate commerce, the indictment failed to charge an offense, thereby rendering it null and void and robbing the district court of jurisdiction, and that his Fifth and Sixth amendment rights were violated when the court enhanced his sentence based on facts which were not admitted, not submitted to a jury, and not proven beyond a reasonable doubt. Finally, he asserts that his due process rights were violated by the improper assessment of a $50.00 fee.

The Petitioner's memorandum includes an examination of the statutes under which he was convicted and then reads in great part like a treatise of well-known statements of law regarding defendants' rights. Additionally, the Petitioner writes, "[B]ecause Petitioner has

established a valid **Apprendi, Blakely, Booker**, claim he is entitled to be re-sentenced under the Drug Quantity charged in the Indictment."

## DISCUSSION

The general rule is that 28 U.S.C. §2255 relates to conviction and imposition of sentence and such issues must be brought before the trial court. A petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 is to be brought in the district where a petitioner is incarcerated and may only challenge *execution* of sentence, such as the computation of parole or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Since the Petitioner's claims relate to the conviction obtained and sentence imposed by the federal district court in the Northern District of West Virginia, they are not ordinarily cognizable claims for this Court under 28 U.S.C. §2241.

Nevertheless, certain language in the fifth paragraph of 28 U.S.C. §2255 provides that a district court may exercise jurisdiction over §2255 claims under 28 U.S.C. §2241. Commonly called the "savings clause" of §2255, such use of §2241 is conditioned upon the petitioner establishing that "the remedy by [§2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255; *Cohen v. United States*, 593 F.2d at 770-71. Use of the savings clause has undergone an upsurge in popularity in recent years. In *Bailey v. United States*, 516 U.S. 137 (1995), the Supreme Court of the United States interpreted the "use" prong of 18 U.S.C. §924(c)(1) narrowly, to require "active employment" of a firearm in order to sustain a conviction for use of a firearm in relation to a drug offense. Numerous prisoners who had been convicted

under a broader understanding of the "use" component for conduct which, after *Bailey*, was not considered criminal conduct, suddenly had claims of actual innocence.

Claimants under the Supreme Court's opinion, however, were often effectively barred from bringing their claims because they had already filed a §2255 motion, and successive motions had become difficult to obtain because of Congress's enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effective April 24, 1996.  The new legislation imposed several statutory restrictions on a prisoner's ability to file habeas petitions under 28 U.S.C. §§2254 and 2255, including a one-year statute of limitations and the stringent requirement that a prisoner who has already filed an unsuccessful §2255 motion and who wished to raise issues in a second or successive motion must receive pre-authorization from the appropriate circuit court.

Therefore, from 1996 to the present, prisoners like the Petitioner here have tried to meet the conditions of the savings clause of §2255 so that they may use §2241 to bring a successive or untimely §2255 claim.  However, in *Charles v. Chandler*, 180 F.3d 753, 757 (6th Cir. 1999), and as amended later in *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003), the Sixth Circuit set out the threshold test which a petitioner must meet for a Court to use its §2241 jurisdiction to entertain a challenge to a petitioner's conviction or sentence, which would ordinarily be brought to the trial court pursuant to §2255.

Under this authority, a §2241 petitioner challenging his conviction or sentence must first demonstrate that his remedy under §2255 is truly inadequate or ineffective; and neither an earlier unsuccessful §2255 motion nor a time bar will meet this standard.  180 F.3d at 757.  The burden is on the petitioner to demonstrate inadequacy or ineffectiveness as a threshold matter.  *Id.* at

756. The second component which must be demonstrated is that the §2241 petitioner has a claim of "actual innocence," as did the petitioner in *Martin*.

Therefore, this Court evaluates whether the instant Petitioner has established both of the requisite pre-conditions so that the Court may use §2241 to weigh his challenges to his convictions and sentence on the merits, *i.e.*, (1) whether he has been barred from filing a §2255 motion to raise an innocence claim; *and* (2) whether he is making a claim of actual innocence based on an intervening Supreme Court decision that narrowly defines a term of the statute under which he was convicted. Then and only then will this Court be able to address the merits of the innocence claim under 28 U.S.C. §2241.

In the present case, Petitioner Scott has failed to present either of these prerequisites. He does not allege that he sought permission from the appellate court to bring a successive §2255 motion and was denied. Nor does he claim actual innocence of the crimes for which he was convicted and sentenced, based upon an intervening Supreme Court case interpreting that crime. Actual innocence is discussed at length in *Bousley v. United States*, 523 U.S. 614 (1998), with the Supreme Court noting that, "[t]o establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623. The Court went on to state, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ." *Id.* at 623-24.

All of this Petitioner's claims are legal claims, and case law distinguishes claims falling under the label of "legal innocence" from claims of "actual innocence" of *the underlying offense*

*charged in the indictment*. *See Hernandez-Escarsega v. Morris*, 2002 WL 845060 (10th Cir. May 3, 2002) (Table, unpublished) (the court distinguishing claims of legal innocence from claims of actual, or factual innocence); *Reyes-Requena v. United States*, 243 F.3d 893, 903-04 (5th Cir. 2001) ("[T]he core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law"); *Whitener v. Snyder*, 23 Fed. Appx. 257, 2001 WL 1178302 (6th Cir. September 24, 2001) (same).

Because the Petitioner has failed to pass the threshold of demonstrating that his remedy *via* a §2255 motion to the trial court is barred and that he is actually innocent of criminal conduct under an intervening ruling handed down by the Supreme Court of the United States, his petition must be denied and his civil action dismissed. The Court expresses no opinion on the merits of the several claims he raises.

## CONCLUSION

For the reasons discussed herein, it is hereby **ORDERED** as follows:

(1)     Petitioner Scott's petition for writ of habeas corpus is **DENIED**.

(2)     This action will be **DISMISSED**, *sua sponte,* from the docket of the Court. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Respondent.

This 9th day of August, 2005.



Signed By:
*Danny C. Reeves* DCR
United States District Judge